IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LATSHAW,           :
                              :     4:09-cv-2541
      Petitioner,     :
                              :     Hon. John E. Jones III
      v.                 :
                              :     Hon. Malachy E. Mannion
PENNSYLVANIA BOARD OF   :
PROBATION AND PAROLE, *et al.,* :
      Respondents.   :

## MEMORANDUM

### April 27, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Malachy E. Mannion (Doc.14), filed on April 8,

2010, which recommends that the petition of James Latshaw ("Petitioner" or

"Latshaw"), for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied.[1]

No objections to the R&R have been filed by any party.[2] For the reasons set forth

below, the Court will adopt the R&R.

---

[1] We note that the first page of the R&R identifies the Petitioner as "Luis Rios," however, after a full review of the R&R, we note that was quite simply a typographical error that has no impact on the disposition and reasoning contained in the R&R.

[2] Objections were due by April 26, 2010.

# I.  STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

# II.  PROCEDURAL BACKGROUND

Petitioner, proceeding *pro se*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 28, 2009. (Doc. 1). The Petitioner named as Respondents the Pennsylvania Board of Probation and Parole,

the Pennsylvania Attorney General, and David A. Varno, Superintendent of the State Correctional Institution and Coal Township (collectively "Respondents").

On January 13, 2010, the court issued a Show Cause Order directing the Respondents to answer the Petition. (Doc. 5). On January 26, 2010, the Respondents filed a response to the petition, with exhibits and a memorandum of law. (Docs. 8 and 9). On February 8, 2010, Petitioner filed a Traverse. (Doc. 12).

Petitioner is presently confined at SCI-Coal Township serving a sentence of imprisonment of six to twelve years for aggravated assault. On November 20, 2009 the Parole Board granted the Petitioner parole into a specialized community corrections residency with violation prevention program.

In the petition, Petitioner claims that the Respondents are "delaying the process [of his] parole release' and that this delay has caused him to remain in prison after being granted parole. (Doc. 1, ¶ 7). He argues that this delay constitutes a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Within the petition, Latshaw admits to not exhausting his administrative remedies stating that there are "no administrative remedies available to exhaust and state court remedies are ineffective to protect petitioner's rights." (Doc. 1, ¶ 5).

## III.  DISCUSSION

Within the R&R, Magistrate Judge Mannion accurately notes that the instant

petition was filed by the Petitioner prior to the Petitioner exhausting his

administrative remedies.  Inasmuch as a district court may only grant a petition if

the petitioner has exhausted all available state remedies as to each federal claim

raised in his petition, the instant petition must be denied.  *See* 28 U.S.C. §

2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Slutzker v.*

*Johnson*, 393 F. 3d 373, 379 (3d Cir. 2004).  Exhaustion can only be excused

where it would be futile because "there is an absence of available State corrective

processes or circumstances exist that render such process ineffective to protect the

rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Slutzker*, 393 F.3d at

380).  Here, Petitioner has the opportunity to pursue a remedy through

administrative channels with the Pennsylvania Parole Board or to present his claim

to the Pennsylvania state courts and chose not to do so.  Further, he presents the

Court with no reason to excuse his failure to exhaust.

As we have already mentioned, neither Respondents nor the Petitioner have

filed objections to this R&R.  Because we agree with the sound reasoning that led

the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its

entirety.  With a mind towards conserving judicial resources, we will not rehash the

4

reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice. An appropriate Order shall issue.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LATSHAW,                         :

                    Petitioner         :        CIVIL ACTION NO. 4:09-2541

                                       :
          v.                                          (Muir, D.J.)
                                       :
                                                (Mannion, M.J.)
PENNSYLVANIA BOARD OF                  :
PROBATION AND PAROLE,
et. al.,                               :

                    Respondent         :

## REPORT AND RECOMMENDATION[1]


### I. Background and Procedural History.

On December 28, 2009, the petitioner Luis D. Rios filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petitioner named as respondent the Pennsylvania Board of Probation and Parole, the Pennsylvania Attorney General, and David A. Varno, Superintendent of the State Correctional Institution at Coal Township.[2]

The Court issued a Show Cause Order on January 13, 2010, and directed the respondent to answer to the petition. (Doc. 5). On January 26,

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] The Pennsylvania Attorney General and Superintendent of the State Correctional Institution at Coal Township are not proper respondents in this habeas action. A writ of habeas corpus shall be directed to the person having custody of the person detained, which in the instant matter, is the Pennsylvania Board of Probation and Parole. *See* 28 U.S.C. §2242 and §2243.

2010, the respondent filed a response to the Habeas Petition and attached exhibits, along with a Memorandum of Law. (Doc. 8 and Doc. 9). On February 8, 2010, the petitioner filed a Traverse. (Doc 12).

Currently, the petitioner is confined at the State Correctional Institution at Coal Township, Pennsylvania ("SCI Coal"). He is serving a sentence of imprisonment of six (6) to twelve (12) years for aggravated assault. (Doc. 1 at ¶1). The Parole Board granted the Petitioner parole on November 20, 2009. (Doc. 1 at ¶2; Doc. 9, Ex. A). He was paroled to a specialized community corrections residency with violation prevention programming. (Doc. 1 at ¶3).

For the reasons set forth below, it is recommended that the petition be **DENIED**.

## II. Claims in the Habeas Petition.

In the instant petition for habeas relief, the petitioner claims that the respondents are "delaying processing [of his] parole release" and that this delay has caused him to remain in prison after being granted parole. (Doc. 1, ¶7). He argues that this delay constitutes a violation of the Due Process Clause of the 14th Amendment. (Doc. 1, ¶6).

There is no evidence the Petitioner has exhausted his administrative remedies. Instead, he claims that there are "no administrative remedies available to exhaust and state court remedies are ineffective to protect petitioners rights." (Doc. 1, ¶5).

## III. Discussion.

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

-2-

petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973). Accordingly, a petition challenging the delay of his parole release is appropriate because parole affects the duration of confinement.

The district court may grant a petition only if the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004). The principle of exhaustion, which is founded on comity, requires a petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . by invoking one complete round of the State's established appellate review process," including petitioning for any available discretionary appeal to the state's highest court.[3] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see Slutzker*, 393 F.3d at 380 (citing *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996)). To provide the state courts with a full and fair opportunity, the petitioner must "fairly present" his federal claims, which means that "a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). The petitioner bears the burden of establishing that all available state remedies

---

[3]In a discretionary appeal process, the state's highest court need not adjudicate the claim; rather, the petitioner must merely present the claim to it. *O'Sullivan*, 526 U.S. at 845-47; *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984); *Wallace v. Pennsylvania Bd. of Probation & Parole*, No. Civ. 04-1297, slip. op. at *2 (M.D. Pa. Nov. 7, 2005).

have been exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

The exhaustion requirement is excused where exhaustion would be futile because "there is an absence of available State corrective process[] or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Slutzker*, 393 F.3d at 380 (citing *Doctor*, 96 F.3d at 681); *Lines*, 208 F.3d at 162-63. But to qualify as unavailable, state court review of unexhausted claims must be "clearly foreclose[d]" under state law. *Slutzker*, 393 F.3d at 380 (quoting *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993) (emphasis in original)); *Lines*, 208 F.3d at 163. "[I]f there is any likelihood that the state courts would consider the merits of a petitioner's unexhausted claim," then a federal court should dismiss the petition to allow the state court the opportunity to determine whether the petitioner's claim is procedurally barred. *Slutzker*, 393 F.3d at 380 (citing *Doctor*, 96 F.3d at 686 (Scirica, J., concurring)); *Lines*, 208 F.3d at 163.

Furthermore, the likelihood that the state courts will deny the petition on the merits does not excuse a failure to exhaust remedies. *Parker*, 429 F.3d at 63-64 ("We . . . hold here that likely futility on the merits . . . in state court of a petitioner's habeas claim does not render that claim 'exhausted' within the meaning of §2254(b)(1)(A) so as to excuse the petitioner's failure to exhaust the claim by presenting it in state court before asserting it in a federal habeas petition."); *see Engle v. Isaac*, 456 U.S. 107, 130 & n.35 (1982) ("[T]he futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial. If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is

-4-

valid.") (internal footnote omitted) (citing *Myers v. Washington*, 646 F.2d 355, 364 (9th Cir. 1981) (Poole, J., dissenting) ("futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time'")).

Accordingly, in consideration of the background to this petition, a prisoner who brings a federal habeas petition without having exhausted state remedies and argues it would be futile to raise in state court a challenge to the manner in which his parole is being processed (which is, in essence, a denial of parole) cannot be excused. *Parker*, 429 F.3d at 63-64. While a prisoner of the Commonwealth of Pennsylvania may not directly appeal to a state court the denial of parole, he may raise an *ex post facto* challenge to the denial of parole by petitioning a state court for writ of mandamus. *Parker*, 429 F.3d at 61; *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001) (citing *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001)).

In the instant matter, the petitioner had this opportunity to pursue a remedy through administrative channels within the Pennsylvania Parole Board or present his claim to the Pennsylvania state courts, but failed. He states in his petition that these courts are "ineffective" in protecting his rights, but fails to articulate any reason for this belief. Exhaustion is futile in at least four situations: where "a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field," *Lines v. Larkins*, 208 F.3d 153, 162 (3d Cir. 2000) (quoting *Allen v. Attorney General of Maine*, 80 F.3d 569, 573 (1st Cir. 1996); "where the state provides no means of seeking the relief sought," *id.* at 162-63 (citing *Wallace v. Cody*, 951 F2d 1170, 1172 (10th Cir. 1991); *Dawan v. Lockhart*, 980 F.2d 470, 475 (8th Cir. 1992)); "where the state courts have failed to alleviate obstacles to state review presented by

-5-

circumstances such as the petitioner's *pro se* status, poor handwriting and illiteracy," *id.* at 163 (citing *Hollis v. Davis*, 941 F.2d 1471, 1473-75, 1479 (11th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992)); or, where state review would be procedurally barred, *Coleman*, 501 U.S. at 729-30; *Slutzker*, 393 F.3d at 380-81; *Lines*, 208 F.3d at 163.

Here, should the petitioner now attempt to bring his claim into state court, his claim may be procedurally barred. If exhaustion is futile because the petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused. *Coleman*, 501 U.S. at 729-30; *Slutzker*, 393 F.3d at 380-81. Procedural default, like exhaustion, is founded on comity and federalism. A federal court may not entertain a petition for habeas corpus where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 729-30, 750; *Slutzker*, 393 F.3d at 380-81.

Procedural default is excusable only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[4] *Coleman*, 501 U.S. at 749-50; *Slutzker*, 393 F.3d at 380-81. To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478,

---

[4]The miscarriage of justice exception is available only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Because this case concerns parole and the petitioner does not raise innocence as a ground for relief nor is there any claim that he has served his maximum sentence, the court need not address this exception.

488 (1986). Examples of "cause" include where interference by government officials made compliance impracticable or ineffective assistance of counsel. *Id.* But a claim of ineffective assistance of counsel must generally be presented to the state courts as an independent claim before it may be used to establish "cause" for procedural default. *Id.* at 488-89 (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)); *Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000). "Actual prejudice" requires a petitioner to establish that an error caused him "actual and substantial disadvantage." *Murray*, 477 U.S. at 494 (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In the instant matter, the petitioner simply alleges that the Pennsylvania courts are "ineffective". He offers no further explanation as to why he failed to exhaust his state court remedies. Thus, he has failed to demonstrate that a lack of review by this Court would constitute prejudice to him or a fundamental miscarriage of justice. Thus, the petitioner has failed to exhaust his state remedies and this Court is precluding from granting his petition.

### B. Constitutional Claim

Lastly, we note that even if the petitioner had exhausted his state remedies, his petition should still be denied because the delay in the processing of his parole does not violate the constitution.

The Due Process Clause applies only when the government deprives a person of liberty or property. "[T]here is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Moreover, while a state may create a liberty interest which is protected by the Due Process Clause, *see Sandin v. Connor*, 515 U.S. 472, 484 (1995), Pennsylvania has created no such interest within its discretionary parole system. *See Burkett v. Love*, 89 F.3d 135, 139 (3d Cir.1996). Instead,

parole is considered to be "a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence." *See Rogers v. Pennsylvania Bd. of Probation and Parole, 724 A.2d 319, 322-23 (Pa.1999).* As such, there is no constitutionally protected liberty interest in the expectation of being paroled, and the denial of parole itself cannot constitute a procedural due process violation inasmuch as there is no liberty interest in parole release.

The petitioner was reviewed for parole and was granted parole conditioned upon his placement in a community corrections center. Since he has no liberty interest in being paroled, he cannot claim that the delay in his processing of parole is depriving him of due process. Therefore, to the extent that the petitioner raises a due process claim, his petition should be denied.

## III.    Conclusion

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT** the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DENIED**.

s/ *Malachy E. Mannion*
MALACHY E. MANNION
United States Magistrate Judge

Date: April 8, 2010
O:\shared\REPORTS\2009 Reports\09-2541-01.wpd